# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

SAFE STORAGE LLC,

    Plaintiff,

  v.

| | |
|---|---|
| DELL INC. | C.A. No. 12-1624-GMS |
| VMWARE, INC. | C.A. No. 13-928-GMS |
| INFORTREND CORP. | C.A. No. 13-929-GMS |
| 3PAR INC. | C.A. No. 12-1626-GMS <br> C.A. No. 13-1088-GMS |
| EMULEX CORP., ET AL. | C.A. No. 13-1150-GMS |
| INTERNATIONAL BUSINESS MACHINES CORP. | C.A. No. 13-1151-GMS |

**REPLY BRIEF OF DEFENDANTS DELL, VMWARE, INFORTREND, 3PAR, EMULEX AND IBM IN FURTHER SUPPORT OF THEIR CONSOLIDATED MOTION TO <u>TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

**TABLE OF CONTENTS**

Page(s)

ARGUMENT ..................................................................................................................................2

    I.      Safe Storage's Choice Of Forum Is Entitled To Reduced Weight ........................2

    II.     Moving Defendants' Forum Preference Favors Transfer ......................................3

    III.    Convenience To Parties And Witnesses, Where The Claims Arise, Location Of Documents, Practical Considerations, And The Interests Of Justice Favor Transfer To The Northern District Of California ............................4

    IV.    Public Interest Factors Weigh In Favor Of Transfer .............................................9

CONCLUSION ..............................................................................................................................10

**TABLE OF AUTHORITIES**

**Cases**

*Affymetrix, Inc. v. Synteni, Inc.*,
  28 F. Supp. 2d 192 (D. Del. 1998) ............................................................................................2

*Angiodynamics, Inc. v. Vascular Solutions, Inc.*,
  C.A. No. 09-cv-554-JJF, 2010 WL 3037478 (D. Del. July 30, 2010) ......................................4

*Audatex N. Am., Inc. v. Mitchell Int'l, Inc.*,
  C.A. No. 12-cv-139-GMS, 2013 WL 3293611 (D. Del. June 28, 2013).........................2-3, 6, 7

*Beacon Navigation GmbH v. Crysler Group L.L.C.*,
  C.A. No. 11-cv-921-GMS, 2013 WL 1163943 (D. Del. Mar. 20, 2013) ...........................6, 7, 9

*ChriMar Sys., Inc. v. Cisco Sys., Inc.*,
  C.A. No. 11-cv-1050-GMS, 2013 WL 828220 (D. Del. Mar. 6, 2013) .............................3, 4, 5

*Cradle IP, LLC v. Texas Instruments, Inc.*,
  923 F. Supp. 2d 696 (D. Del. 2013) ..........................................................................................3

*Graphics Props. Holdings v. Asus Computer Int'l, Inc.*,
  C.A. No. 12-cv-00210-LPS, 2013 WL 3295618 (D. Del. June 28, 2013) ................................4

*Helicos Biosciences Corp. v. Illumina, Inc.*,
  858 F. Supp. 2d 367 (D. Del. 2012) ........................................................................................10

*In re Link_A_Media Devices Corp.*,
  662 F.3d 1221 (Fed. Cir. 2011) .................................................................................................3

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) ................................................................................................passim

*Linex Techs., Inc. v. Hewlett–Packard Co.*,
  C.A. No. 11-cv-400-GMS, 2013 WL 105323 (D. Del. Jan. 7, 2013) .......................................2

*Mitel Networks Corp. v. Facebook, Inc.*,
  C.A. No. 12-cv-325-GMS, 2013 WL 1856457 (D. Del. May 1, 2013)...................................10

*Schubert v. Cree, Inc.*,
  C.A. No. 12-cv-922-GMS, 2013 U.S. Dist. LEXIS 19712 (D. Del. Feb. 14, 2013)..................9

*Schubert v. Osram Ag*,
  C.A. No. 12-cv-923-GMS, 2013 WL 587890 (D. Del. Feb. 14, 2013)...................................10

*Smart Audio Techs., LLC v. Apple, Inc.*,
  910 F. Supp. 2d 718 (D. Del. 2012) .....................................................................................5, 10

*Teleconference Sys. v. Procter & Gamble Pharms., Inc.*,
  676 F. Supp. 2d 321 (D. Del. 2009) .................................................................................3, 8, 10

*Verint Sys., Inc. v. CallCopy Inc.*,
  C.A. No. 13-cv-562-GMS, 2013 WL 5338008 (D. Del. Sept. 23, 2013).....................3, 6, 7, 10

Moving Defendants respectfully submit this Reply Brief in further support of their Motion to Transfer, and in response to Safe Storage's Answering Brief ("Ans. Br.").

Of the 21 defendants across Safe Storage's 16 pending cases, 13 have moved to transfer to the Northern District of California,[1] and the others have affirmatively indicated they do not oppose transfer. These cases have no connection to Delaware, other than that Safe Storage chose to file suit here and some, but not all, parties are incorporated here. But Delaware is not Safe Storage's "home turf." No relevant documents or witnesses—third party or otherwise—are known to be in Delaware. None of the parties has its principal place of business in Delaware. And, no relevant research, design, or manufacture of any accused product has taken place here. Rather, many Defendants are based in the Northern District of California, and their relevant documents and witnesses are located there. As a result, that district above any other is the center of gravity of Safe Storage's cases. Notably, Safe Storage does not contend that litigating in the Northern District of California would in any way inconvenience it, its witnesses or its counsel.

Despite these undisputed facts, Safe Storage inexplicably contends that *every Jumara* factor either weighs against transfer or "does not support" transfer, and seeks to elevate its choice of forum and the Delaware incorporation of some parties to dispositive weight. This approach ignores precedent from this Court, which appropriately has granted transfer in cases brought by and against Delaware corporations where, as here, the litigation has no connection with this District and the *Jumara* factors collectively weigh in favor of transfer.

For the reasons set forth in Moving Defendants' Opening Brief and herein, the Court should transfer all of Safe Storage's cases to the Northern District of California.

---

[1] Defendant Dot Hill moved to transfer to the District of Colorado, and in the alternative, to the Northern District of California. (*See* C.A. No. 12-1625-GMS, D.I. 16.) Safe Storage has agreed to voluntarily dismiss its case against 3PAR, which is now named as a defendant in Safe Storage's case against Hewlett-Packard. (*See* C.A. No. 12-1626-GMS, D.I. 27.)

## **ARGUMENT**

In its Answering Brief, Safe Storage elevates form over substance, asking this Court to give Safe Storage's choice of forum, and the fact of its and several Defendants' incorporation in Delaware, dispositive weight, despite the lack of any connection between the litigation and this District. But "[t]he court, rather than applying any 'definitive formula,' considers each of the[] '*Jumara* factors' on a case-by-case basis." *Linex Techs., Inc. v. Hewlett–Packard Co.*, C.A. No. 11-cv-400-GMS, 2013 WL 105323, at *2 (D. Del. Jan. 7, 2013). Considering those factors here, transfer is warranted because "on balance the litigation would more conveniently proceed and the interests of justice [would] be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 196-97 (D. Del. 1998) (same).

**I.     Safe Storage's Choice Of Forum Is Entitled To Reduced Weight**

Contrary to its assertion, Delaware is ***not*** Safe Storage's "home turf," and even its own cited cases hold that its choice of forum is therefore entitled to reduced weight.

Safe Storage does not dispute that it lacks a physical presence in Delaware, that Delaware is not its principal place of business, and that it only incorporated in Delaware less than a month before filing the first of these lawsuits. Nevertheless, Safe Storage contends that Delaware is its "home turf" solely because it is incorporated here. (*See* Ans. Br. at 6-8.) Regardless of the label Safe Storage applies, however, this Court has repeatedly ruled that a plaintiff's lack of a principal place of business, or indeed any physical presence, in Delaware means that its decision to file suit here is entitled to less deference. *See, e.g.*, *Linex Techs.*, 2013 WL 105323, at *3 (noting that "when a plaintiff chooses to bring an action in a district where it is not physically located, its forum preference is entitled to something less than the paramount consideration that Linex urges"); *Audatex N. Am., Inc. v. Mitchell Int'l, Inc.*, C.A. No. 12-cv-139-GMS, 2013 WL

2

3293611, at *3 (D. Del. June 28, 2013) (same); *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223-24 (Fed. Cir. 2011) (focusing on physical location of principal place of business in "home turf" determination, not place of incorporation); *Teleconference Sys. v. Procter & Gamble Pharms., Inc.*, 676 F. Supp. 2d 321, 330-31 (D. Del. 2009) (same, and explaining that "[u]nder § 1404(a) 'home turf' refers to a corporation's ***principal place of business***").[2] Even in the case that Safe Storage primarily relies on, *Cradle IP, LLC v. Texas Instruments, Inc.*, the Court found "the parties' choice of forum is, at best, ***neutral***." 923 F. Supp. 2d 696, 699 (D. Del. 2013).

Thus, Safe Storage's choice of forum, typically one of the strongest factors for a plaintiff in the transfer analysis, is entitled to reduced weight here. *See Verint Sys., Inc. v. CallCopy Inc.*, C.A. No. 13-cv-562-GMS, 2013 WL 5338008, at *2 (D. Del. Sept. 23, 2013) ("[Plaintiff] has chosen to file suit in a district where it is not physically located; therefore, its forum choice is accorded increased weight in the analysis, but less than paramount consideration.").

**II.     Moving Defendants' Forum Preference Favors Transfer**

As Safe Storage points out, the second *Jumara* factor is "the defendant[s'] preference." (Ans. Br. at 5, 8.) This factor indisputably favors transfer because Moving Defendants prefer to litigate in the Northern District of California. *See, e.g.*, *ChriMar Sys., Inc. v. Cisco Sys., Inc.*, C.A. No. 11-cv-1050-GMS, 2013 WL 828220, at *4 (D. Del. Mar. 6, 2013) ("Here, the moving defendants clearly would prefer to proceed in California, the state in which each have their principal places of business. This factor weighs in favor of transfer."). Safe Storage's attempt to reframe this factor as an analysis of the implications of any Defendant's incorporation or registration to do business in Delaware (Ans. Br. at 8-10) is inappropriate. In *ChriMar*, which Safe Storage relies on regarding this factor, the Court rejected that argument in granting transfer:

---

[2]    All emphasis is added, unless otherwise indicated.

3

> ChriMar argues that HP and Extreme's forum preference should be given less weight since they are both Delaware corporations and necessarily amenable to suit in this district. The court, however, believes the fact of the moving defendants' Delaware incorporation is most appropriately considered within the context of the "party convenience" *Jumara* factor. ***The present factor addresses only the defendants' forum preference, and that preference is quite clear in this case.***

*Id.* at *4 n.4 (internal citations omitted); *see also Graphics Props. Holdings v. Asus Computer Int'l, Inc.*, C.A. No. 12-cv-00210-LPS, 2013 WL 3295618, at *5 (D. Del. June 28, 2013) ("[Defendant] ACI prefers to litigate this case in the Northern District of California. This factor weighs in favor of transfer.") (internal citations omitted). Thus, contrary to Safe Storage's assertions, the "defendant[s'] preference" factor weighs in favor of transfer.

### III. Convenience To Parties And Witnesses, Where The Claims Arise, Location Of Documents, Practical Considerations, And The Interests Of Justice Favor Transfer To The Northern District Of California

As noted in Moving Defendants' Opening Brief, and in the briefing on the previously-filed transfer motions, the research, design and manufacture of many of the accused products occurred in the Northern District of California, and many relevant witnesses and records reside there. In stark contrast, Safe Storage has not identified, nor is any Defendant aware of, ***any*** documents or witnesses relevant to this case that are located in Delaware. Indeed, other than perhaps Safe Storage's preference (but not convenience), all factors in the analysis either favor transfer or are neutral. Courts in this District have routinely transferred cases to jurisdictions where the bulk of relevant documents and physical evidence is located, even where the plaintiff is a Delaware company with a preference for litigating here. *See, e.g., Angiodynamics, Inc. v. Vascular Solutions, Inc.*, C.A. No. 09-cv-554-JJF, 2010 WL 3037478, at *4 (D. Del. July 30, 2010). On balance, convenience to parties and witnesses and the interests of justice would be best served by transfer.

4

Lacking evidence that might weigh against transfer, Safe Storage resorts to mis-framing the relevant inquiries under several factors—convenience to parties, where the claims arise, location of records, practical considerations, and judicial economy—to conclude that these factors weigh against transfer or do not support transfer. (*See* Ans. Br. at 10-18.) For example, Safe Storage contends that its claims arose in Delaware because Moving Defendants' products allegedly have been sold here. (Ans. Br. at 10-11.) But Safe Storage ignores this District's precedent, which takes into consideration where the products were "designed and manufactured." *See, e.g.*, *ChriMar*, 2013 WL 828220, at *5 ("[T]o some extent, infringement claims arise where the allegedly infringing products are ***designed and manufactured*** . . . and because the design, development, marketing, and sale of the accused products largely occurred in [the Northern District of California], this factor weighs in favor of transfer.") (internal quotation marks and citations omitted); *Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 730-31 (D. Del. 2012) (same). As noted in prior briefing, many of the products accused by Safe Storage in this litigation were designed and manufactured in the Northern District of California, and none were designed or manufactured in Delaware.

Safe Storage also mis-frames the *Jumara* factor relating to "the convenience of the parties as indicated by their relative physical and financial condition." Safe Storage contends that because Moving Defendants are large companies relative to Safe Storage, that factor *per se* weighs against transfer. (Ans. Br. at 11.) But Safe Storage's argument turns the analysis on its head, and is incorrect, as the Court has explained: "This *Jumara* factor ultimately requires the court to determine how much inconvenience each party will suffer should it be forced to litigate in the other party's desired forum as opposed to its own." *Smart Audio*, 910 F. Supp. 2d at 731. In other words, the relative physical and financial condition of the parties is relevant only to the

5

extent that it bears on the *relative inconvenience* to the parties. Notably, Safe Storage does not even contend that it would be inconvenient for it to litigate in the Northern District of California, much less present evidence to support such an assertion (*see* Ans. Br. at 11), whereas Moving Defendants do contend, and have shown through evidence, that it would be inconvenient for them to litigate in this District. Thus, this factor too weighs in favor of transfer. *See Audatex*, 2013 WL 3293611, at *4-5 (convenience to parties weighed in favor of transfer where plaintiff "[did] not argue that it would be inconvenient to litigate in [transferee forum]").

Safe Storage further contends that the fact that a substantial amount of Moving Defendants' books and records are located in the Northern District of California is essentially irrelevant because "virtually all businesses . . . maintain their books and records in electronic format readily available for review and use at any location." (Ans. Br. at 15.) Yet, this Court has noted that weight must still be afforded to the physical location of documents and records in the transfer analysis, under this factor and the "practical considerations" factor, and has held that the location of books and records in the transferee district favored transfer. *See, e.g.*, *Verint*, 2013 WL 5338008, at *3 ("And although technological advances have made transportation of electronic evidence far less onerous, the court 'cannot simply ignore the location of the relevant books and records.'") (citation omitted); *Beacon Navigation GmbH v. Crysler Group L.L.C.*, C.A. No. 11-cv-921-GMS, 2013 WL 1163943, at *10 (D. Del. Mar. 20, 2013) (practical considerations favored transfer due to location of documents in transferee forum).

Finally, Safe Storage attempts to downplay the fact that certain third party witnesses—prosecution counsel and the inventors—either are located in California or will be offered for deposition in California, and that no third party witnesses have been identified in Delaware. Safe Storage contends that prosecution counsel may be subject to depositions, the third parties are not

6

"critical" witnesses who will refuse to testify at trial in Delaware, the inventors are outside the subpoena power of both this District and the transferee district, and relatively few patent cases go to trial. (*See* Ans. Br. at 12-14.) Even if Safe Storage's conclusions were correct, however, in the case that Safe Storage relies on—*Beacon Navigation*—the Court concluded that this factor was **neutral**. 2013 WL 1163943, at *9. Thus, at best for Safe Storage, this factor still cannot overcome other factors that weigh in favor of transfer.

As explained in Moving Defendants' Opening Brief, the individual circumstances of Moving Defendants, which Safe Storage has largely ignored or not disputed, further weigh in favor of transfer. (*See* Opening Br. at 8-15.) In that regard, Safe Storage does not dispute that VMware's principal place of business is in the Northern District of California, VMware's relevant documents and witnesses are located primarily within the Northern District of California, and neither VMware nor Safe Storage have any employees, documents, or offices in this District. (*See* Opening Br. at 12-13.) As such, the second (defendant's forum preference), fourth (convenience of parties), and sixth (location of books and records) *Jumara* private interest factors favor transfer of Plaintiff's case against VMware to the Northern District of California. *See, e.g., Verint Sys.*, 2013 WL 5338008, at *3; *Audatex*, 2013 WL 3293611, at *4-6.

Safe Storage also does not dispute the fact that VMware's sole accused product was originally designed and developed in the Northern District of California. (*See* Opening Br. at 13.) The third *Jumara* private interest factor (where the claim arose) therefore also favors transfer of Plaintiff's case against VMware to the Northern District of California. *See, e.g., Verint Sys.*, 2013 WL 5338008, at *2; *Audatex*, 2013 WL 3293611, at *3.

Safe Storage also suggests that the fact that Emulex is headquartered in the Central District of California weighs against transfer (Ans. Br. at 4), but this overlooks the fact that (1)

7

relevant activity does take place at Emulex's facility in San Jose (*see* Opening Br. at 10) in the Northern District of California, and (2) the Northern District of California is more convenient than Delaware for an entity with its principal place of business in Costa Mesa, California.

Furthermore, Safe Storage incorrectly contends that NetApp—the Northern District of California-based designer, manufacturer and supplier of the sole IBM product line that Safe Storage accuses of infringement—should be treated as a party to the case against IBM and that, therefore, convenience to NetApp's witnesses is entitled to "no weight" in the transfer analysis. (Ans. Br. at 12.) But NetApp is ***not*** a party to Safe Storage's case against IBM. Safe Storage cites no precedent for the assertion that NetApp can be treated as a party to the IBM case.

Moreover, Safe Storage fails to address the judicial economy of maintaining the IBM and NetApp cases in the same forum. NetApp's motion to transfer to the Northern District of California is separately pending. If the actions were to proceed in separate forums, that would likely result in duplication of effort and wasted resources of both the parties and the courts, and also raise the possibility of inconsistent rulings on the same or similar facts. *See, e.g.*, *Teleconference Sys.*, 676 F. Supp. 2d at 336 (transferring cases against Cisco, H-P, ***and*** their customers to the Northern District of California in the interests of justice and judicial economy).[3]

Finally, Safe Storage points to the fact that potentially relevant IBM witnesses and documents are in North Carolina as a reason to deny transfer (Ans. Br. at 2, 4, 15), but ignores the fact that potentially relevant IBM witnesses and documents are located in Taiwan and China, far more conveniently accessible to the Northern District of California. (*See* Opening Br. at 11.)

On balance, therefore, the private *Jumara* factors favor transfer.

---

[3] Similarly, Safe Storage ignores the interests of judicial economy served by transferring the case against Dell along with the cases against HP and NetApp because these three Defendants jointly filed two petitions for *inter partes* review—the first on Sept. 27, 2013 and the second on Nov. 15, 2013—of all claims of the patent-in-suit. (*See* Opening Br. at 14-15.)

8

## IV. Public Interest Factors Weigh In Favor Of Transfer

The relevant public interest factors, including the practical considerations that could make the trial easier, quicker, or less expensive, are either neutral or weigh in favor of transfer.

Safe Storage contends that the Court should not transfer all 16 pending cases where Safe Storage has asserted the same patent-in-suit because not all Defendants have moved to transfer, and if the Court were to transfer only the cases in which transfer motions have been filed, that would harm judicial economy by splitting the cases across two districts. (Ans. Br. at 16-17.) But Safe Storage does not dispute that it is within the Court's inherent power to transfer **all** of Safe Storage's cases, even if not every Defendant has affirmatively moved to transfer. (Ans. Br. at 17.) That is all the more true where, as here, each non-moving Defendant has explicitly stated that it does not oppose transfer. Safe Storage recognizes that the Court did exactly that in *Beacon Navigation*, but argues that *Beacon* is distinguishable because, in that case, 82% of the defendants moved to transfer, compared to the 60% of Defendants that have done so in this case. (Ans. Br. at 17.) Even assuming those figures are accurate, Safe Storage has provided no sound basis in logic or law to support its contention that this difference is decisive, especially where no Defendant opposes transfer here. And, the "public cost" concerns that Safe Storage contends preclude transfer will be avoided if all cases are transferred together. (*See* Ans. Br. at 16 (citing *Schubert v. Cree, Inc.*, C.A. No. 12-cv-922-GMS, 2013 U.S. Dist. LEXIS 19712, at *12-14 (D. Del. Feb. 14, 2013)).)

Safe Storage also incorrectly concludes that several typically neutral factors, such as the enforceability of judgments, local interest in deciding local controversies, and public policies of the different venues, weigh against transfer. (*See* Ans. Br. at 15-20.) Yet Safe Storage acknowledges that enforceability of judgments is "not an issue" (Ans. Br. at 15), and all three of the cases Safe Storage relies on regarding the local controversy factor found it to be neutral. *See*

9

*Schubert v. Osram Ag*, C.A. No. 12-cv-923-GMS, 2013 WL 587890, at *8 (D. Del. Feb. 14, 2013); *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367, 375 (D. Del. 2012); *Smart Audio*, 910 F. Supp. 2d at 734. Indeed, regarding the "public policies of Delaware and California . . . there is no difference that has any significant impact on the Court's analysis." *Teleconference Sys.*, 676 F. Supp. 2d at 335.

Ultimately, Safe Storage cannot dispute that avoiding the excessive litigation costs of traveling and trying a case where no party or evidence is located and where no witness resides is exactly the type of "practical consideration" that weighs in favor of transfer. *See, e.g.*, *Mitel Networks Corp. v. Facebook, Inc.*, C.A. No. 12-cv-325-GMS, 2013 WL 1856457, at *8 (D. Del. May 1, 2013) ("[I]n consideration of the fact that neither party operates nor has facilities, offices, or employees in Delaware, the court finds that the practical considerations of efficiency, expense and ease favor transfer."); *Verint*, 2013 WL 5338008, at *3 ("[T]he aggregate litigation costs would be reduced by litigating in [the transferee forum]. Thus, the court concludes that the 'practical considerations' factor weighs in favor of transfer.").

Thus, the public interest *Jumara* factors are either neutral or weigh in favor of transfer.

## CONCLUSION

For the foregoing reasons and those discussed in Moving Defendants' Opening Brief, convenience to parties and non-parties, location of evidence, Defendants' forum preference, practical considerations, and the interests of justice weigh in favor of transfer. Under the circumstances described above, they strongly outweigh Safe Storage's choice to litigate in a venue that is not its "home turf." Thus, Moving Defendants respectfully request that the Court transfer the cases against Moving Defendants to the Northern District of California.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: /s/ David E. Moore |
|  | Richard L. Horwitz (#2246) |
| Gregory S. Arovas | David E. Moore (#3983) |
| Todd M. Friedman | Bindu A. Palapura (#5370) |
| Benjamin A. Lasky | Hercules Plaza 6th Floor |
| Peter C. Magic | 1313 N. Market Street |
| KIRKLAND & ELLIS LLP | Wilmington, DE 19801 |
| 601 Lexington Avenue, Floor 43 | Tel: (302) 984-6000 |
| New York, NY 10022 | rhorwitz@potteranderson.com |
| Tel: (212) 446-4800 | dmoore@potteranderson.com |
|  | bpalapura@potteranderson.com |

*Attorneys for Defendant International Business Machines Corporation*

SHAW KELLER LLP

|  |  |
|---|---|
| OF COUNSEL: | By: /s/ Jeffrey T. Castellano |
|  | Jeffrey T. Castellano (#4837) |
| Devan V. Padmanabhan | 300 Delaware Avenue, Suite 1120 |
| Paul J. Robbennolt | Wilmington, DE 19801 |
| WINTHROP & WEINSTINE, P.A. | Tel: (302) 298-0700 |
| 225 South Sixth Street, Suite 3500 | jcastellano@shawkeller.com |
| Minneapolis, MN 55402 |  |
| Tel: (610) 604-6400 |  |

*Attorneys for Defendant Infortrend Corporation*

FISH & RICHARDSON P.C.

|  |  |
|---|---|
|  | By: /s/ Robert M. Oakes |
|  | Douglas E. McCann (#3852) |
| OF COUNSEL: | Robert M. Oakes (#5217) |
|  | 222 Delaware Avenue, 17th Floor |
| Katherine S. Lutton | P.O. Box 1114 |
| Shelley K. Mack | Wilmington, DE 19899-1114 |
| Leeron G. Kalay | Tel: (302) 652-5070 |
| FISH & RICHARDSON P.C. | dmccann@fr.com |
| 500 Arguello Street, Suite 500 | oakes@fr.com |
| Redwood City, CA 94063 |  |
| Tel: (650) 839-5070 |  |

*Attorneys for Defendant VMware, Inc.*

11

|  |  |
|---|---|
|  | FISH & RICHARDSON P.C. |
|  | By: */s/ William J. Marsden, Jr.* |
| OF COUNSEL: | William J. Marsden, Jr. (#2247) |
|  | 222 Delaware Avenue, 17th Floor |
| David M. Barkan | P.O. Box 1114 |
| Jonathan J. Lamberson | Wilmington, DE 19801 |
| FISH & RICHARDSON P.C. | Tel: (302) 778-8408 |
| 500 Arguello Street, Suite 500 | marsden@fr.com |
| Redwood City, CA 94063 |  |
| Tel: (650) 839-5070 | *Attorneys for Defendants* |
|  | *Emulex Corporation (of Delaware) and* |
|  | *Emulex Corporation (of California)* |

|  |  |
|---|---|
|  | NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP |
| OF COUNSEL: | By: */s/ Francis DiGiovanni* |
|  | Francis DiGiovanni (#3189) |
| Thomas Dunham | 1007 North Orange Street |
| J. Michael Woods | P.O. Box 2207 |
| Corrine Saylor | Wilmington, DE 19889 |
| WINSTON & STRAWN LLP | Tel: (302) 658-9141 |
| 1700 K Street, NW | frank.digiovanni@novakdruce.com |
| Washington, DC 20006 |  |
| Tel: (202) 282-5000 | *Attorneys for Defendant Dell, Inc.* |

MORGAN, LEWIS & BOCKIUS LLP

By:    */s/ Jody C. Barillare*
       Jody C. Barillare (#5107)
       The Nemours Building
       1007 North Orange Street, Suite 501
       Wilmington, DE 19801
       Tel: (302) 574-3000
       jbarillare@morganlewis.com

*Attorneys for Defendant 3PAR, Inc.*

Dated: November 22, 2013
1131107 / 40685

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on November 22, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on November 22, 2013, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Richard D. Kirk | Alexander C.D. Giza |
| Stephen B. Brauerman | Marc A. Fenster |
| Vanessa R. Tiradentes | Jeffrey Z.Y. Liao |
| Bayard, P.A. | Russ, August & Kabat |
| 222 Delaware Ave., Suite 900 | 12424 Wilshire Boulevard, Twelfth Floor |
| Wilmington, DE 19801 | Los Angeles, CA 90025 |
| rkirk@bayardlaw.com | agiza@raklaw.com |
| sbrauerman@bayardlaw.com | mfenster@raklaw.com |
| vtiradentes@bayardlaw.com | jliao@raklaw.com |

By:  /s/ David E. Moore
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1119759/40685